# EXHIBIT A

# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Martha Wanke, Deputy
Date 01/20/2011 Time 14:57:20
Description                   Amount
------- CASE# CV2011-000818 -------
CIVIL NEW COMPLAINT             301.00

TOTAL AMOUNT                    301.00
            Receipt# 21093035

Richard L. Righi, (Bar # 014879)
Kenneth Januszewski, (Bar # 009482)
Chris H. Begeman, (Bar #024911)
**RIGHI HERNANDEZ**
2111 E. Highland Ave., Suite B440
Phoenix, Arizona 85016
Telephone:   (602) 385-6776
Facsimile:   (602) 385-6777
rick@rhfirm.com
chris@rhfirm.com

*Attorneys for Richmond American Homes of Arizona*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CV2011-000818

| | |
|---|---|
| RICHMOND AMERICAN HOMES OF ARIZONA, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | COMPLAINT<br><br>Re: Breach of Contract and Bad Faith |

Richmond American Homes of Arizona, Inc. (RAH), an Arizona corporation, for its complaint alleges as follows:

### GENERAL ALLEGATIONS

1. RAH is a duly incorporated Arizona corporation and was at all times relevant to this complaint.

2. Construction Inspection & Testing, Inc. (CIT) is a duly incorporated Arizona corporation and was at all time relevant to this complaint.

- 1 -

3. Stardust Development, Inc. (Stardust) is a duly incorporated Arizona corporation and was at all time relevant to this complaint.

4. Zurich American Insurance Company (Zurich) is and was at all times relevant to this lawsuit a duly authorized foreign insurer in the State of Arizona.

5. Zurich caused an event to occur in Maricopa County, Arizona out of which this claim arose. The amount at issue exceeds the jurisdictional minimum amount for this court to exercise jurisdiction.

6. CIT contracted on November 8, 2000 with Stardust to provide professional geotechnical and materials testing services for the Dreaming Summit Project.   As part of its contract and agreement with Stardust, CIT acknowledged that Stardust would subsequently enter into purchase and sale and option agreements with one or more home builders to convey "finished lots" to the home builders with respect to the lots upon which CIT performed its geotechnical and materials testing services. CIT also agreed to make Stardust an additional named insured under CIT's insurance policies and such endorsements were to be "primary insurance and any insurance carried by [Stardust] shall be excess and not contributory." See Bates Number CIT00169. CIT further agreed to indemnify Stardust for CIT's fault. Id., at ¶4, CIT 00170.

7. RAH purchased approximately 102 finished lots in the Dreaming Summit Development from Stardust in 2001.

8. On June 12, 2001 CIT entered into to a "Master Consultant Agreement" [MCA] to provide ongoing services to RAH.   Through the MCA, CIT undertook responsibility for all soil investigation, geotechnical services including earth work and grading, compaction testing and other material

-2-

testing services on the Dreaming Summit Subdivision. The MCA obligated CIT to indemnify RAH for CIT's fault [See Bates Number RAH 06244] and name RAH as an additional named insured under CIT's policy. [Id. at RAH 06246].

9. On July 31, 2001 CIT executed a Consent to Assignment of the Dreaming Summit contract between CIT and Stardust and by that agreement CIT consented to assignment of all of Stardust's right title and interest in the geotechnical and soil testing contract to RAH. See Bates Number CIT00249.

10. On October 29, 2001 Stardust assigned to RAH pursuant to a "Partial Assignment of Contract Rights (Soil Testing Contract)" by which all right and title of Stardust's contract with CIT was conveyed to RAH. See Bates Number CIT00245.

11. Zurich issued Architects and Engineers Professional Liability insurance policy number EOC539600-00 to CIT providing professional liability insurance coverage for the policy period beginning February 9, 2003 and ending February 9, 2004. The policy included limits of $1,000,000.00 per occurrence and $3,000,000.00 aggregate. The policy has a retroactive date of February 9, 1998.

12. Zurich renewed the coverage under its Architects and Engineers Professional liability insurance policy number EOC5396000 for policy period February 9, 2004 through February 9, 2005 (EOC539600-01) and again for policy period February 9, 2005 through February 9, 2006 (EOC 539600-02).

13. Claims stemming from and arising out of CIT's work at Dreaming Summit which were covered by the Zurich policy/ies were made and were duly tendered by CIT and RAH and such tenders were made in a timely manner

- 3 -

1    and included all the information Zurich needed to properly conclude that the
2    claims made against CIT were covered by the Zurich policy/ies and that
3    RAH was an additional named insured under the policy.

4    14. Although the claims were tendered in 2004, the claims were not initially
5    responded to until July 31, 2007.

6    15. RAH incurred damages and made repairs resulting from the expanse of soils
7    at the Dreaming Summit Development in the amount of $1,600,000.00 in
8    investigation and repair costs, legal and expert fees.

9    16. In January 2010 RAH's counsel made a demand of $950,000.00 against
10   CIT.   On January 22, 2010 CIT forwarded that demand to Zurich and
11   requested that Zurich either provide CIT with an unconditional defense and
12   indemnification or that Zurich accept and fund RAH's settlement demand.

13   17. Zurich never responded to that demand.

14   18. On April 30, 2010 RAH's attorney wrote to Zurich demanding an amount
15   within the policy limits in exchange for a full and final release of CIT.
16   RAH's attorney also informed Zurich that if the settlement demand was not
17   accepted that an assignment from CIT to RAH would be made.

18   19. On or about August 25, 2010, with Zurich never responding to the demand,
19   CIT agreed to, and did stipulate to an arbitration award that could be entered
20   in favor RAH and against CIT and CIT further assigned, transferred and
21   conveyed to RAH any and all right, title and interest to any claim which it
22   has or may have for insurance coverage and/or indemnification from Zurich
23   pursuant to Zurich's architects and engineers professional liability policies
24   numbered EOC539600-00, 539600-01 and/or 539600-02 arising out of or
25   resulting from any professional liability relating to RAH's claim against CIT
26   in connection with Dreaming Summit claim.  CIT also assigned transferred

- 4 -

and conveyed to RAH any claim for breach of the implied covenant of good faith and fair dealing.

20. On December 1, 2010, an arbitration award in favor of RAH and against CIT in the principal amount of $1,400,000.00 with pre-award interest in the amount of $676,296.63.

COUNT I
[Breach of Contract]

21. All prior allegations are incorporated by reference.

22. RAH, pursuant to the assignment from CIT, is in privity of contract with Zurich as a named insured concerning the policies listed above.

23. CIT took all those actions necessary to establish that CIT was and is an insured under the policies listed above and was entitled to a defense and indemnity.

24. Despite demand, Zurich has failed and refused to assume its duties under the contract and thereby materially breaching the contract between CIT. Due to the assignment from CIT to RAH, Zurich is in breach of contract with RAH.

25. As a direct and proximate result of Zurich's material breach of contract RAH has been damaged in the principal amount of $ $1,400,000.00 with pre-award interest in the amount of $676,296.63, plus interest at the statutory rate from and after the arbitration award dated December 1, 2010 and continuing until paid in full by Zurich.

26. Because RAH and Zurich are in privity of contract, pursuant to the contract and A.R.S. §12-341.01, RAH is entitled to its attorneys' fees and costs against Zurich.

## COUNT II
### [Breach of Contract]

27. All prior allegations are incorporated by reference.

28. RAH was a duly named and endorsed additional named insured under CIT's policies issued by Zurich listed above.

29. RAH timely made demand for defense and indemnity pursuant to Zurich's additional insured obligations to RAH and such timely demands were sufficient to allow Zurich to conclude that it was obligated to defend and indemnify RAH for the soils claims made by the homeowners of the Dreaming Summit Subdivision.

30. Despite demand, Zurich refused to assume its duties under its additional insureds obligations and therefore materially breached its contract with RAH as an additional named insured.

31. As a direct and proximate result of Zurich's breach RAH has been damaged in the principal amount of $ $1,400,000.00 with pre-award interest in the amount of $676,296.63, plus interest at the statutory rate from and after the arbitration award dated December 1, 2010 and continuing until paid in full by Zurich.

32. Because RAH and Zurich are in privity of contract, pursuant to the contract and A.R.S. §12-341.01, RAH is entitled to its attorneys' fees and costs against Zurich.

## COUNT III
### [Bad Faith-CIT]

33. All prior allegations are incorporated by reference.

34. Every insurer, including Zurich through the policies it issued to CIT, owes its named insured as its obligation of good faith and fair dealing, equal consideration, and has a duty to timely and accurately investigate.

35. Zurich intentionally failed to timely investigate the multiple tenders of defense made by CIT and thereby breached its obligation of good faith and fair dealing to CIT. Because CIT has assigned its claims to RAH, Zurich's breach as to CIT is actionable by RAH.

36. As a direct and proximate result of Zurich's intentional breach of its obligation of good faith and fair dealing, RAH has been damaged in the amount in the principal amount of $ $1,400,000.00 with pre-award interest in the amount of $676,296.63, plus interest at the statutory rate from and after the arbitration award dated December 1, 2010 and continuing until paid in full by Zurich.

37. Zurich's failure over the years to properly investigate a claim that it was obligated to defend and indemnify CIT for exhibited an evil hand and evil mind such that punitive damages are necessary and appropriate.   RAH therefore requests punitive damages against Zurich in an amount determined by the jury to be just and appropriate.

38. Because this matter arises out of contract, RAH is entitled to its attorneys' fees and costs pursuant to A.R.S. §12-341.01 and the policy.


## COUNT IV
[Bad Faith – RAH]

39. All prior allegations are incorporated by reference.

40. Every insurer, including Zurich through the policies it issued to CIT and the additional named insured obligations owed by Zurich to RAH, owes its additional named insured as its obligation of good faith and fair dealing, equal consideration, and has a duty to timely and accurately investigate.

41. Zurich intentionally failed to timely investigate the tender of defense made

by RAH as an additional named insured and thereby breached its obligation of good faith and fair dealing to RAH.

42. As a direct and proximate result of Zurich's intentional breach of its obligation of good faith and fair dealing, RAH has been damaged in the amount in the principal amount of $1,400,000.00 with pre-award interest in the amount of $676,296.63, plus interest at the statutory rate from and after the arbitration award dated December 1, 2010 and continuing until paid in full by Zurich.

43. Zurich's failure over the years to properly investigate a claim that it was obligated to defend and indemnify RAH for exhibited an evil hand and evil mind such that punitive damages are necessary and appropriate. RAH therefore requests punitive damages against Zurich in an amount determined by the jury to be just and appropriate.

44. Because this matter arises out of contract, RAH is entitled to its attorneys' fees and costs pursuant to A.R.S. §12-341.01 and the policy.

WHEREFORE, having fully set forth its complaint against Zurich American Insurance Company, Richmond American Homes of Arizona, Inc. respectfully requests this court to enter its judgment as follows:

1. For breach of contract in the principal amount of $ $1,400,000.00 with pre-award interest in the amount of $676,296.63, plus interest at the statutory rate from and after the arbitration award dated December 1, 2010 and continuing until paid in full by Zurich.

2. For damages for the bad faith and fair dealing suffered by RAH/CIT in an amount to be determined by the trier of fact, but which amount is above the jurisdictional limit of this court;

3. For interest on any verdict/judgment in this case at the statutory rate until paid in full;

4. For attorneys' fees and costs pursuant to the contract of insurance and A.R.S.§12-341.01;

5. For any other and further relief the court deems just and equitable.

**DATED** this 18th day of January, 2011.

RIGHI HERNANDEZ

By:_____

Kenneth Januszewski
Richard L. Righi
Chris Begeman
Attorneys for Richmond
American Homes of Arizona

ORIGINAL filed this
day with the Clerk of Court

By: _____

-9-

# EXHIBIT B

# EXHIBIT B

STATE OF ARIZONA
DEPT. OF INSURANCE

MAY 19 2011

TIME 2:00pm
SERVICE OF PROCESS

1   Richard L. Righi, (Bar # 014879)
    Kenneth Januszewski (Bar # 009482)
2   Chris H. Begeman, (Bar #024911)
    **RIGHI HERNANDEZ**
3   2111 E. Highland Ave., Suite B440
    Phoenix, Arizona 85016
4   Telephone:   (602) 385-6776
    Facsimile:    (602) 385-6777
5   rick@rhfirm.com
    chris@rhfirm.com

6

7   *Attorneys for Richmond American Homes of Arizona*

ORIGINAL

8

9           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10               IN AND FOR THE COUNTY OF MARICOPA

                        CV2011-000818
11

12   RICHMOND AMERICAN HOMES OF
     ARIZONA, INC., and Arizona
     Corporation
13
                          Plaintiff,              **SUMMONS**
14

15          vs.
                                          If you would like legal advice from a lawyer,
16                                        contact the Lawyer Referral Service at
     ZURICH AMERICAN INSURANCE
17   COMPANY, an foreign insurer               602-257-4434
                                                     or
18                        Defendant.         www.lawyerfinders.org.

                                               Sponsored by the
19                                         Maricopa County Bar Association

20   **THE STATE OF ARIZONA TO THE DEFENDANTS:**

21          Zurich American Insurance Company

22

23          **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

24   the time applicable, in this Action in this Court.  If served within Arizona, you shall
25
     appear and defend within 20 days after the service of the Summons and Application for
26

                                   - 1 -

Confirmation of Arbitration Award upon you, exclusive of the date of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Confirmation of Arbitration Award upon you is complete, exclusive of the date of service. Where process is served upon the Arizona Director of Insurance, as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of the first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Confirmation of Arbitration Award.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. RCP 10(d), A.R.S. §12-331; RCP 5.

- 2 -

1

2        The name and address of the Plaintiffs' attorneys are:

3                    **Richard L. Righi**
4                  **Kenneth Januszewski**
                     **Chris H. Begeman**
5                   **RIGHI HERNANDEZ**
            **2111 E. Highland Avenue, Suite B440**
6                   **Phoenix, AZ  85016**

7

8

9        Requests for reasonable accommodation for persons with disabilities must be

10   made to the division assigned to the case by parties at least three (3) judicial days in

11   advance of a scheduled court proceeding.

12

13                  JAN 2 0 2011              **MICHAEL K. JEANES, CLERK**

14      SIGNED AND SEALED this date: _____

15                                           Clerk of the Superior Court

16

17                       By _____

18                                              Deputy Clerk

19

20

21

22

23

24

25

26

                              - 3 -

# EXHIBIT C

# EXHIBIT C

| *Attorney or Party without Attorney:* | | *For Court Use Only* |
|---|---|---|
| RICHARD L. RIGHI #014879<br>RIGHI HERNANDEZ, P.L.L.C.<br>2111 E. HIGHLAND AVENUE<br>SUITE B-440<br>PHOENIX, AZ 85016<br>*Telephone No:* 602-385-6789 | | MICHAEL K. JEANES, CLERK<br>RECEIVED F C LOBBY<br>DOCUMENT DEPOSITORY<br><br>11 MAY 20  PM 4: 23<br><br>**FILED**<br>BY _____, DEP. |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>10-1066-001 | |

| *Insert name of Court, and Judicial District and Branch Court:* |
|---|
| In The Superior Court Of Arizona In And For The County Of Maricopa |

*Plaintiff:* RICHMOND AMERICAN HOMES OF ARIZONA, INC.

*Defendant:* ZURICH AMERICAN INSURANCE COMPANY

| **AFFIDAVIT OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2011-000818 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL COVER SHEET

3. *a. Party served:*
   *b. Person served:*

   ZURICH AMERICAN INSURANCE COMPANY
   AMANDA BUETTNER, ADMINISTRATIVE ASSISTANT, III, AS PERSON
   DESIGNATED TO ACCEPT ON BEHALF OF CHRISTINA URIAS, DIRECTOR
   OF INSURANCE

4. *Address where the party was served:*

   2910 N. 44TH STREET
   2ND FLOOR
   PHOENIX, AZ 85017

5. *I served the party:*

   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., May. 19, 2011 (2) at: 2:00PM

7. *Person Who Served Papers:*
   a. TERENCE A. STEINLE
   b. **NATIONWIDE LEGAL SERVICES, LLC.**
      800 N. 1ST AVENUE
      PHOENIX, AZ 85003
   c. 602-256-9700

   *Fee for Service:*   $107.28
   I Declare under penalty of perjury under the laws of the State of
   ARIZONA that the foregoing is true and correct.

   5-20-11
   *(Date)*              *(Signature)*

OFFICIAL SEAL<br>RENEE E. ELLIOTT<br>NOTARY PUBLIC - State of Arizona<br>PINAL COUNTY<br>My Comm. Expires May 4, 2012

8. *STATE OF ARIZONA, COUNTY OF* _____

   *Subscribed and sworn to (or affirmed) before me on this* ___ *day of* _____ *by TERENCE A. STEINLE*

   *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

   AFFIDAVIT OF SERVICE
   SUMMONS                                    *(Notary Signature)*   42118.20179.175100

# EXHIBIT D

# EXHIBIT D

MICHAEL K. JEANES, CLERK
BY.     DEP
       Marlene Woriw
       FILED

11 JAN 20  PM 2:53

1  Richard L. Righi, (Bar # 014879)
   Kenneth Januszewski, (Bar # 009482)
2  Chris H. Begeman, (Bar #024911)
   **RIGHI HERNANDEZ**
3  2111 E. Highland Ave., Suite B440
   Phoenix, Arizona 85016
   Telephone:   (602) 385-6776
4  Facsimile:   (602) 385-6777
   rick@rhfirm.com
5  chris@rhfirm.com

6
   *Attorneys for Richmond American Homes of Arizona*
7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF MARICOPA

10

11  RICHMOND AMERICAN HOMES OF              CV2011-000818
12  ARIZONA, INC., an Arizona corporation,

13                            Plaintiff,       CERTIFICATE
                                           RE: COMPULSTORY ARBITRATION
14        vs.

15  ZURICH AMERICAN INSURANCE
16  COMPANY, a foreign insurer,

17                            Defendant.

18

19        The undersigned hereby certifies that he knows the dollar limits and any other

20  limitations set forth by the local rules of practice for the applicable Superior Court, and

21  further certifies that this case is not subject to compulsory arbitration, as provided by

22  Arizona Rules of Civil Procedure.

23

24

25

26  / / / /

                              - 1 -

1     **DATED** this 18th day of January, 2011.

2

3                              RIGHI HERNANDEZ

4

5                              By: _____
                                    Kenneth Januszewski
6                                   Richard L. Righi
                                    Chris Begeman
7                                   Attorneys for Richmond
                                    American Homes of Arizona
8

9     ORIGINAL filed this
      day with the Clerk of Court

10

11

12    By: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 2 -

# EXHIBIT E

# EXHIBIT E


Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
4/27/2011
Clerk of the Court

4/23/2011

COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2011-000818

**Richmond American Homes Of Arizona Inc**

**v.**

**Zurich American Insurance Company**

---

The Judge assigned to this action is the Honorable Robert Oberbillig

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 1/20/2011 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 5/20/2011. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.